**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1209
_____

SOLISHUM SUMER SHIELDS,
Appellant

v.

EAST LAMPETER TOWNSHIP; SUE PERROTTY, Ex Tower Health CEO; KERRY
MORRIS; CHARLES F. BARBERA, Tower Health MD; BLAIR TURNBULL;
KATHLEEN ELIZABETH RAMIREZ; DEBORAH SHALLCROSS; TRAVIS K. HILL;
NICHOLAS REGINELLA; COLTON DEMBERGER; KYLE SCHLITZ; RYAN
WIEGAND; MICHAEL P. DUGAN; ALEXANDER BARRY; JOSHUA LINEMAN;
MICHAEL J. CABRY, III; CHESTER COUNTY PENNSYLVANIA; LANCASTER
COUNTY PENNSYLVANIA, Sued in their individual capacities; DEFENDANTS
EAST LAMPETER TOWNSHIP CHESTER COUNTY AND LANCASTER COUNTY,
Sued in their municipal capacities

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:24-cv-05475)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 29, 2025
Before:  HARDIMAN, MATEY, and CHUNG, Circuit Judges

(Opinion filed: July 30, 2025)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

On December 2, 2019, the appellant, Solishum Sumer Shields, was arrested in East Lampeter Township after a police pursuit that ended with Shields crashing his car. He was transported to the hospital in the early morning hours of December 3, 2019.[1] Nearly five years later, on October 11, 2024, Shields filed a complaint in the District Court asserting constitutional violations and state-law tort claims relating to his arrest and hospital visit. He sought a declaratory judgment, injunctive relief, punitive damages, and compensatory damages totaling $500 trillion. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it on the ground that Shields's claims were barred by the applicable statute of limitations. Shields appealed.[2]

We will affirm. We have reviewed the record and agree with the District Court that, for the reasons stated in its Memorandum Opinion, Shields's claims were time-barred. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."); 42 Pa. Cons. Stat. § 5524 (providing two-year limitation period for personal injury claims); Jones v. Bock, 549 U.S.

---

constitute binding precedent.

[1] Shields ultimately pleaded guilty to driving under the influence and attempting to elude an officer and served a sentence at Chester County Prison. Commonwealth v. Shields, No. CP-15-CR-0004375-2019 (Pa. Ct. Com. Pl.).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

199, 215 (2007) (explaining that a court may dismiss an untimely complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) if it is apparent from the face of the complaint that it is time-barred and not subject to tolling). Shields's sole objection to the District Court's timeliness ruling is that claims for sexual assault and rape "are never time barred." Br. 8, ECF No. 5. Contrary to his contention, these torts are subject to the two-year limitation period. See 42 Pa. Cons. Stat. § 5524(1), (7).

Accordingly, we will affirm.[3]

---

[3] To the extent that Shields contends that the District Court ignored his motions for a protective order, Br. 9, ECF No. 5, he may be referring to motions he filed in a different district-court action, Shields v. Wiegand, Civ. No. 5:20-cv-02999 (E.D. Pa.).